**No. 66624.**—Ignaz Strauss & Co., Inc. *v.* United States, protests 60/30720 and 61/7832 (New York).

Opinion by JOHNSON, J.   In accordance with stipulation of counsel that the merchandise consists of chinaware miniature coffee and tea sets the same in all material respects as those the subject of *B. Shackman & Co.* and *S. Stern Henry & Co.* v. *United States* (28 Cust. Ct. 298, C.D. 1426), the claim of the plaintiff was sustained.

**No. 66625.**—Ignaz Strauss & Co., Inc. *v.* United States, protests 60/30721 and 61/1406 (New York).

Opinion by JOHNSON, J.   In accordance with stipulation of counsel that the merchandise consists of porcelain furniture sets similar in all material respects to those the subject of *J. E. Bernard & Co., Inc.* v. *United States* (34 Cust. Ct. 145, C.D. 1695), the merchandise was held dutiable under paragraph 1513 of the act or under said paragraph, as modified, *supra*, at the rate in effect at the time the respective items were entered, or withdrawn from warehouse, for consumption.

**No. 66626.**—Naftone, Inc. *v.* United States, protest 61/4073 (New York).

Opinion by JOHNSON, J.   In accordance with oral stipulation of counsel that the correct net weight of the merchandise is 1,000 pounds, the collector was directed to reliquidate the entry accordingly.

**No. 66627.**—Atalanta Products Corp. *v.* United States, protest 61/1986 (New York).

Opinion by JOHNSON, J.   At the trial, it was stipulated that an allowance of 12 percent should have been made for gelatinous substance on certain 3-, 4-, and 5-pound canned hams.   In view of the record presented, the merchandise was held dutiable at 3¼ cents per pound under paragraph 703, Tariff Act of 1930, upon the basis of the net weight, less an allowance of 12 percent for the gelatin content of each can.